HORACE H. DAY, APPELLANT, *v.* THE UNION INDIA RUBBER COMPANY.

The party defendants in the present suit have as much right to manufacture various articles of India rubber under Chaffee's patent, as the licensees in the case of Hartshorn *v.* Day, 19 How.

THIS was an appeal from the Circuit Court of the United States for the southern district of New York.

The case is stated in the opinion of the court.

It was argued by *Mr. Clarence A. Seward* and *Mr. Jenckes* for

the appellant, and by *Mr. Noyes* for the appellees, upon which side there was also a brief by *Mr. Staples.*

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the southern district of New York.

The bill was filed in the court below by Day, as assignee of the patent of Edwin M. Chaffee, for a new improvement in preparing and applying India rubber to cloth, &c., dated the 31st August, 1836, and renewed for seven years from the 31st August, 1850, against the defendants, for an alleged infringement during the running of the renewed term.

The questions involved in the case are, substantially, the same as those presented and decided in the case of Hartshorn et al. *v.* Day, at the last term, and reported in 19 How., p. 211. That was an action at law, brought by the same plaintiff, upon this patent, against the defendants, who were licensees under Charles Goodyear, for the manufacture of India rubber boots and shoes. The defendants in the present case are licensees under Goodyear, for the manufacture of India rubber cloth for various purposes. In both cases, the right to manufacture the article rested upon the authority of Goodyear to grant the license, as derived from Chaffee, the patentee.

The court held, in the case of Hartshorn et al. *v.* Day, that under the agreement of the 5th September, 1850, between Chaffee, the patentee, and William Judson, the entire ownership in the patent, legal and equitable, passed to Judson, for the benefit of Goodyear and those holding rights under him, and on that ground decided in favor of the licensees.

Now, in this case the licenses under Goodyear to manufacture cloth of the description claimed are as broad and ample as were those to the defendants in the case just mentioned. Goodyear became the sole owner of the patent of Chaffee as early as 28th June, 1844, and on the 18th July following gave a license to the Naugatuck India Rubber Company, to manufacture cloths, with certain exceptions, under all his patents— those in which he was then interested or in which he might thereafter be interested, issued or to be issued—and, also, in all renewals of patents. He also gave a like extensive license, on the 28th of March, 1847, to W. E. & John Rider, for manufacturing of ships' letter and mail bags; and in February of the same year, a similar license to manufacture wearing apparel, &c., to Jonathan Trotter; and on the 1st July, 1848, one to Trotter and W. Rider & Brother, for the manufacture of army and navy equipments, sheet rubber, &c. All these various licenses afterwards became consolidated in the Union

India Rubber Company, the defendants in this suit, and present therefore a complete defence to the suit, if Goodyear was the true owner of the Chaffee renewed patent. And this, as we have seen, has already been held in the case of Hartshorn *v.* Day.

Besides, in the agreement of the 5th September, 1850, between Chaffee and Judson, it is expressly stated that the patent was conveyed to the latter, to secure it for the benefit of Goodyear and those holding rights to use it under and in connection with his licenses; and Judson was also directed to hold it for their benefit.

The license of the defendants therefore, in this case, stands upon two grounds, either of which would seem to constitute a sufficient defence to the suit for infringement: First, authority from Goodyear, the owner of the renewed term of the patent; and second, the express recognition of Chaffee, the patentee, of the right of these parties as licensees of Goodyear to use the improvement. And we may add to these grounds of defence, that upon the interpretation of the court in the case of Hartshorn *v.* Day, of the several agreements relating to this patent, and especially that of 5th September, 1850, Day took no interest in it under the assignment of Chaffee of 1st July, 1853, he having previous to that time parted with all his interest for the benefit of Goodyear and his licensees.

Some evidence has been given in the case for the purpose of showing that the agreement of 5th September was not sealed at the time of its execution, and that the seal must have been annexed afterwards without any authority. But it is too slight and uncertain to be entitled to any weight.

It has also been insisted that this instrument was procured by fraud from Chaffee, through the contrivance of Judson. But the evidence relied on is very general and unsatisfactory; and, besides, it is too late to set up any such ground of defence after Chaffee himself has carried the agreement into execution, and acted under it, receiving its benefits for some three years. And what is remarkable on this point, he is the chief witness to make out the alleged fraud.

It has also been urged that the licensees have not contributed to the fund for paying the expenses of the renewal of the patent. But this is a matter in which Chaffee had no interest. He has taken the indemnity of Judson against these expenses. The licensees were never liable to him for them.

Without pursuing the examination further, we are entirely satisfied, for the reasons above stated, that the decree below is right, and should be affirmed.